```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

JOHN PIGGOTT #K98713,              )
                                   )
             Plaintiff,            )
                                   )
     v.                            )    No.  11 C 5957
                                   )
DR. PARTHASARATHI GHOSH,           )
et al.,                            )
                                   )
             Defendants.           )
```

<u>MEMORANDUM ORDER</u>

If the random assignment to this Court of 42 U.S.C. §1983 ("Section 1983") lawsuits by Illinois prisoners echoes the totality of such filings in this judicial district (as seems likely), the volume of such actions charging Dr. Parthasarathi Ghosh with constitutional violations under the <u>Estelle v. Gamble</u> rubric would appear to bespeak a litigation cottage industry. And if even a fraction of those actions have merit (a subject on which this Court expresses no views), Dr. Ghosh would seem to be a walking malpractice action. Indeed, irrespective of the merit or lack of merit in such charges, the amount of lawyers' time devoted to defending Dr. Ghosh against such charges (to say nothing of any amounts paid in settlement or in adjudicated damages, again subjects on which this Court has no factual information) could well eclipse the amount paid to him by the State of Illinois for his services.

Here the self-prepared Complaint filed by Stateville Correctional Center ("Stateville") inmate John Piggott

("Piggott") has brought extraordinarily serious charges against Dr. Ghosh and Wexford Health Sources, Inc., far more than sufficient to survive the preliminary screening called for by 28 U.S.C. §1915A(a).[1]  Accordingly this Court (1) grants Piggott in forma pauperis status in the sense prescribed by Section 1915, under which he must pay the $350 filing fee in installments rather than in advance, (2) appoints counsel from this District Court's trial bar to represent Piggott pro bono publico and (3) issues its customary initial scheduling order, including the setting of an initial status hearing time and date.

As for the filing fee, Piggott's tendered printout of transactions in his trust account in Stateville discloses average monthly deposits for the six month period immediately preceding filing of the lawsuit (see Section 1915(b)(1)(A)) amounting to $21.41.[2]  Under Section 1915(b)(1) the initial partial payment on account of the filing fee is 20% of that figure, or $4.28, and the Stateville trust fund officer is ordered to collect that

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] This calculation is very different from that made by the Stateville trust fund officer, a disparity accounted for by the fact that the printout's final entry of August 10, 2011 shows a "Commissary" charge of $199.29 and mysteriously treats that as a positive rather than negative entry.  That is totally inconsistent with the numerous other "Commissary" entries on Piggott's account and with the thousands of other like entries that this Court has seen over the years in prisoner trust fund accounts.  This Court has consequently treated that entry as simply mistaken.

2

amount from Piggott's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

>     Office of the Clerk
>     United States District Court
>     219 South Dearborn Street
>     Chicago IL 60604
>
>     Attention:  Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Piggott's name and the 11 C 5957 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this memorandum order to the Stateville trust fund officer.

After such initial payment, the trust fund officer at Stateville (or at any other correctional facility where Piggott may hereafter be confined) is authorized to collect monthly payments from Piggott's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

Next, Piggott's appointed pro bono counsel is:

>     Robert E. Lewin, Esq.
>     Law Offices of Robert E. Lewin
>     1450 East American Lane - Suite 1400
>     Schaumburg, IL 60173

That appointed counsel is ordered to monitor the service of process on defendants or, better still, to arrange for such

service himself[3] so that both sides will be represented at the initial status hearing.

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date:   August 30, 2011

---

[3] That expense will be reimbursable out of court funds available for that purpose.

4